UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**RAUL DEARMAS III**

**07-60866**

Plaintiff,

Judge: CIV-COHN

v.

Case no:

**AMERICAN EXPRESS COMPANY;
CHASE BANKCARD SERVICES, INC.;
GENERAL ELECTRIC MERCHANT BANK;
WORLD FINANCIAL NETWORK NATIONAL BANK;
WACHOVIA FINANCIAL SERVICES, INC.;
BANK OF AMERICA CORPORATION;
CAPITAL ONE BANK;
EXPERIAN INFORMATION SOLUTIONS, INC.;
EQUIFAX INFORMATION SERVICES, L.L.C.;
TRANS UNION, L.L.C.**

MAGISTRATE JUDGE
SNOW

Defendant(s)

FILED by ___ D.C.
INTAKE

JUN 20 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

**COMPLAINT**
**(& Jury Demand)**

Comes now, the plaintiff, **Raul Dearmas III,** (Hereinafter referred to as **"the Plaintiff"**), on behalf of himself and by and through undersigned counsel, files this complaint against **the Defendants**: American Express Company (hereinafter referred to as **"AMEX"**); Chase Bankcard Services, Inc. (hereinafter to referred to as **"Chase"**); General Electric Merchant Bank (hereinafter referred to as **"GEMB"**); World Financial Network National Bank (hereinafter referred

1

to as "**WFNNB**"); Wachovia Financial Services, Inc. (hereinafter referred to as "**Wachovia**"); Bank of America Corporation (hereinafter referred to as "**Bank of America**"); Capital One Bank (hereinafter referred to as "**Capital One**"); Experian Informational Solutions, Inc. (hereinafter referred to "**Experian**"); Equifax Information Services, L.L.C. (hereinafter referred to as "**Equifax**"); Trans Union, L.L.C. (hereinafter referred to as "**Trans Union**"); and in support thereof would state the following:

## JURISDICTION AND VENUE

1. This is an action for damages brought by an individual consumer against the named defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq., as amended, (hereinafter referred to as the "**FCRA**")

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p; 28 U.S.C. §1331 and 1337; Supplemental jurisdiction rests upon 28 U.S.C. §1367.

3. The Defendants **Amex, Chase, GEMB, WFNNB, Wachovia, Bank of America, and Capital One** are business entities that do regularly conduct business in the State of Florida but also are "furnishers of information" as stated in 15 U.S.C. §1681 et seq., as

amended and as such subject to the jurisdiction of the court in this case.

4. The Defendant **Experian** is a business entity that regularly conducts business throughout every state and county of the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **Experian** is a "consumer reporting agency", as defined in 15 U.S.C. §1681f. **Experian** is regularly engaged in the business practice of assembling, evaluating, and disbursing information concerning consumers for the purpose of preparing and furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681d.

5. The Defendant **Equifax** is a business entity that regularly conducts business throughout every state and county of the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **Equifax** is a "consumer reporting agency", as defined in 15 U.S.C. §1681f. **Equifax** is regularly engaged in the business practice of assembling, evaluating, and disbursing information concerning consumers for the purpose of preparing and furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681d.

6. The Defendant **Trans Union** is a business entity that regularly conducts business throughout every state and county of the United

States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **Trans Union** is a "consumer reporting agency", as defined in 15 U.S.C. §1681f. **Trans Union** is regularly engaged in the business practice of assembling, evaluating, and disbursing information concerning consumers for the purpose of preparing and furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681d.

## VENUE

7. The venue in the United States District Court for the Southern District of Florida is proper and based upon the following:

    a. The violations of the FCRA alleged below occurred and/or were committed in **Miami-Dade County,** State of Florida within the Southern District of Florida;

    b. At all times material hereto, the Defendants, were and continue to be corporations engaged in business activities in this case in Miami-Dade County, Florida and as such are citizens of the State of Florida.

8. The plaintiff, is an individual that resided in Miami-Dade County, Florida and is a "consumer" as that term is defined by 15 U.S.C. §1681 et seq., as amended.

## **FACTS COMMON TO ALL COUNTS**

9. Plaintiff is an "individual consumer" as defined by the FCRA and is alleged to have incurred a financial obligation for primarily personal, family or household purposes, or more specifically debts with **Amex, Chase, GEMB, WFNNB, Wachovia, Bank of America, and Capital One.**

10. On or about February 2nd, 2007, Plaintiff, through counsel, sent dispute letters to Defendants **Experian** and **Equifax, and Trans Union** which included appropriate personal identification, and which disputed the status of the defendant accounts as being inaccurate.

11. Defendant **Experian** has inaccurately reported the defendant **Amex** account #010794888011391152 in the current status line that the account is still a charged off account even though this was discharged. The status line should only indicate the account's current status of discharged in bankruptcy and to add additional information which makes it look like a current charged off account is harmful to the Plaintiff.

12. Defendant **Experian** has inaccurately reported the defendant **Bank of America** account #430550040791...in the current status line that the account is still a charged off account even though this was discharged. The status line should only indicate the account's current status of discharged in bankruptcy and to add additional

5

information which makes it look like a current charged off account is harmful to the Plaintiff.

13. Defendant **Experian** has inaccurately reported the defendant **Capital One** account #517805238916...in the current status line that the account is still a charged off account even though this was discharged. The status line should only indicate the account's current status of discharged in bankruptcy and to add additional information which makes it look like a current charged off account is harmful to the Plaintiff.

14. Defendant **Experian** has inaccurately reported the defendant **GEMB** account #601917010384...in the current status line that the account is still a charged off account even though this was discharged. The status line should only indicate the account's current status of discharged in bankruptcy and to add additional information which makes it look like a current charged off account is harmful to the Plaintiff.

15. Defendant **Experian** has inaccurately reported the defendant **Wachovia** account #438654031184...in the current status line that the account had $20,990 written off and also on the 2/2/07 report that the account was 30 days past due. The status line should only indicate the account's current status of discharged in bankruptcy and to add additional information which makes it look like a current

charged off account is harmful to the Plaintiff. The account history section already includes information on late payments and by replicating it in the current status line makes it appear late on more occasions than it was.

16. Defendant **Trans Union** has inaccurately reported the defendant **Amex** account #010794888011391152 in the pay status line that the account is unrated. The pay status line should only indicate the account's current status of discharged in bankruptcy and to add additional information of unrated is inaccurate and erroneous since the account was discharged. **Trans Union** has accurately reported other accounts that were discharged in bankruptcy on the plaintiff's disclosure which indicates that they and some furnishers of information can and do report accurately these type of accounts in some instances.

17. Defendant **Trans Union** has inaccurately reported the defendant **Chase** account #4305870489214346 in the pay status line that the account is unrated. The pay status line should only indicate the account's current status of discharged in bankruptcy and to add additional information of unrated is inaccurate and erroneous since the account was discharged. **Trans Union** has accurately reported other accounts that were discharged in bankruptcy on the plaintiff's disclosure which indicates that they and some furnishers of

information can and do report accurately these type of accounts in some instances.

18. Defendant **Trans Union** has inaccurately reported the defendant **GEMB** account #6019190201996696 in the pay status line that the account is unrated. The pay status line should only indicate the account's current status of discharged in bankruptcy and to add additional information of unrated is inaccurate and erroneous since the account was discharged. **Trans Union** has accurately reported other accounts that were discharged in bankruptcy on the plaintiff's disclosure which indicates that they and some furnishers of information can and do report accurately these type of accounts in some instances.

19. Defendant **Trans Union** has inaccurately reported the defendant **WFNNB** account #360207575 in the pay status line that the account is unrated. The pay status line should only indicate the account's current status of discharged in bankruptcy and to add additional information of unrated is inaccurate and erroneous since the account was discharged. **Trans Union** has accurately reported other accounts that were discharged in bankruptcy on the plaintiff's disclosure which indicates that they and some furnishers of information can and do report accurately these type of accounts in some instances.

20. Defendant **Trans Union** has inaccurately reported the defendant **Wachovia** account #4386540311842794 in the pay status line that the account is unrated. The pay status line should only indicate the account's current status of discharged in bankruptcy and to add additional information of unrated is inaccurate and erroneous since the account was discharged. **Trans Union** has accurately reported other accounts that were discharged in bankruptcy on the plaintiff's disclosure which indicates that they and some furnishers of information can and do report accurately these type of accounts in some instances.

21. Defendant **Equifax** has inaccurately reported the defendant **Wachovia** account # 438654031184... in the current status line that the account is a charge off. This is according to the consumer disclosure dated 3/5/07. This is erroneous and the defendants know how to accurately report this trade line as they did on 2/24/07 when the current status properly indicated "included in bankruptcy". Additionally, it appears that 2 accounts with the same numbers are listed which indicates they may be duplicates upon information and belief.

22. Upon information and belief, defendants **Amex, Chase, GEMB, WFNNB, Wachovia, Bank of America, and Capital One** were

contacted by the credit reporting agencies and requested to update the account information as requested by the Plaintiff.

23. Upon information and belief, the Defendants **Trans Union, Experian**, and **Equifax** received these dispute letters shortly thereafter and allegedly verified their accuracy and thus continued to report the inaccurate items on the consumer credit report.

24. Defendant **Experian** has failed to conduct a reasonable investigation and make the corrections required by 15 U.S.C. §1681i.

25. Defendant **Equifax** has failed to conduct a reasonable investigation and make the corrections required by 15 U.S.C. §1681i.

26. Defendant **Trans Union** has failed to conduct a reasonable investigation and make the corrections required by 15 U.S.C. §1681i.

27. Defendants **Equifax, Trans Union** and **Experian** also obtained trade line or account information from Defendants **Amex, Chase, GEMB, WFNNB, Wachovia, Bank of America, and Capital One** but have no internal procedures to check and compare the consistency of the data obtained from these two means.

28. Additionally, all the credit reporting agency defendants, **Equifax, Trans Union and Experian**, have been specifically requested per

10

15 U.S.C. §1681i(a)(6) and (7) to provide a description of the procedure used to determine the accuracy and completeness including the business name, address, and telephone number but have failed to comply.

29. Plaintiff has been damaged as a direct and proximate cause of all of the Defendants' actions.

30. Plaintiff has suffered damage to his credit worthiness.

31. Plaintiff has been damaged because this misleading information and/or errors have impaired his ability to build his credit worthiness and to obtain new financial lending.

32. As a direct result of said errors, Defendants have misinformed third parties as to the status of this account. Defendants have reflected credit information which is incorrect, inaccurate, misleading and/or false.

33. Additionally, the errors being reported have reduced the Plaintiff's credit score thereby impacting his ability to obtain financing. The result of all of the above has caused mental, physical, and emotional anguish and humiliation to the Plaintiff.

## **CAUSES OF ACTION**

## **COUNT ONE**

## **Violations of the FCRA - 15 U.S.C. §1681, et seq., as amended, by Defendants Experian, Trans Union and Equifax**

34. Plaintiff re-alleges and incorporates paragraphs 1 through 33 above as if fully stated herein.

35. The Defendant "credit reporting agencies" willfully and/or negligently violated the provisions of the FCRA on multiple occasions in the following manner:

   a. By willfully and/or negligently failing to follow reasonable procedures in the preparations of the consumer report concerning the Plaintiff and to assure maximum possible accuracy of the information in the report.

   b. By willfully and/or negligently failing to disclose the nature and substance of all information in it's files on the Plaintiff at the time of the requests in violation of 15 U.S.C. §1681g(a).

   c. By willfully and/or negligently failing to delete incomplete and inaccurate information on the Plaintiff's file after conducting an investigation, in violation of 15 U.S.C. §1681i(a).

   d. By willfully and/or negligently failing to contact the sources suggested by the Plaintiff during the re-investigation in violation of 15 U.S.C. §1681i(a).

e. By willfully and/or negligently failing to provide subsequent users of the report with Plaintiff's statement of dispute or a summary thereof, in violation of 15 U.S.C. §1681i(c).

f. By willfully and/or negligently violating 15 U.S.C. §1681i(6) and (7) and failing to comply with the notice of results of reinvestigation provision within 15 days of the request.

36. As a result of this conduct, action and inaction of the named Defendants, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

37. The conduct, action and inaction of the named Defendants was willful, rendering each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

38. In the alternative, it was negligent, thereby entitling Plaintiff to recover under 15 U.S.C. §1681o.

39. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 1681o.

## Prayer for Relief

**WHEREFORE**, the Plaintiff respectfully prays that judgment be entered against the Defendants **Experian, Trans Union** and **Equifax** for an award of actual, statutory, and punitive damages; attorney's fees and the costs of litigation including pre and post-judgment interest at the legal rate; and such other relief the Court deems just, equitable and proper.

## COUNT TWO

## Violations of the FCRA - 15 U.S.C. §1681s-2(b) by Defendant Amex, Chase, GEMB, WFNNB, Wachovia, Bank of America, and Capital One

40. Plaintiff re-alleges and incorporates paragraphs 1 through 39 above as if fully stated herein.

41. At all times pertinent hereto, Defendants **Amex, Chase, GEMB, WFNNB Wachovia, Bank of America, and Capital One** were "persons" as that term is defined by 15 U.S.C. §1681a(b) and a "furnisher of information" to the credit reporting agencies.

42. The Defendants violated 15 U.S.C. §1681n and 1681o by engaging in the following conduct that violated §1681s-2(b) of that Act. Throughout the entire course of their actions, **Amex, Chase, GEMB, WFNNB, Wachovia, Bank of America, and Capital One**

willfully and/or negligently violated these provisions of the FCRA in the following manner:

a. By willfully and/or negligently failing to conduct an investigation of the inaccurate information that the Plaintiff disputed;

b. By willfully and/or negligently failing to review all relevant information concerning the Plaintiff's account as provided;

c. By willfully and/or negligently failing to report the results of their investigation of the inaccurate information to all credit reporting agencies;

d. By willfully and/or negligently failing to modify or delete incomplete or inaccurate information in Plaintiff's file after conducting an investigation;

e. By willfully and/or negligently failing to modify or delete inaccurate or incomplete information after conducting a reinvestigation;

f. By willfully and/or negligently failing to permanently block the reporting of the inaccurate information as disputed by the Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to all credit reporting agencies;

    g. By willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. §1681s-2(b).

43. As a result of this conduct, action and inaction of Defendants **Amex, Chase, GEMB, WFNNB, Wachovia, Bank of America, and Capital One**, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, lowered credit rating, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

44. The conduct, action and inaction of Defendants **Amex, Chase, GEMB, WFNNB Wachovia, Bank of America, and Capital One** was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

45. In the alternative, the conduct, action and inaction was negligent, thereby entitling Plaintiff to recover under 15 U.S.C. §1681o.

46. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to §1681n and 1681o.

## Prayer for Relief

**WHEREFORE**, the Plaintiff respectfully prays that judgment be entered against the Defendant **Amex, Chase, GEMB, WFNNB, Wachovia, Bank of America, and Capital One** for an award of actual, statutory, and punitive damages; attorney's fees and the costs of litigation including pre and post-judgment interest at the legal rate. Additionally the Plaintiff prays that the Defendants **Amex, Chase, GEMB, WFNNB, Wachovia, Bank of America, and Capital One** immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and such other relief the Court deems just, equitable and proper.

## JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a trial by jury as stated in the U.S. Constitution, Amendment 7 and F.R.C.P. 38.

Dated this ___ day of June, 2007.

Respectfully Submitted by,

**FAIR CREDIT LAW GROUP, PA**
**20423 State Road 7**
**suite F6-477**
**Boca Raton, FL 33498**

Tel: 561-236-8851
Fax: 561-451-3461

_____
Filed by: Paul A. Herman, Esq
FL Bar #405175

%JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a) PLAINTIFFS**
RAUL DEARMAS III

**DEFENDANTS**
CBSD; GEMB; WFNNB; Wachovia Financial; Bank of America; Capital One; Experian; Equifax; TransUnion

**(b)** County of Residence of First Listed Plaintiff BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant BROWARD
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
FAIR CREDIT LAW GROUP, PA (PAUL A. HERMAN) 20423 STATE ROAD SUITE F6-477, BOCA RATON, FL 33498

Attorneys (If Known)

07-60866

FILED by ___ INTAKE ___ D.C.
JUN 20 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

0:07CV60866-JIC-LSS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☑ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ☑ NO  b) Related Cases ☐ YES ☑ NO
JUDGE _____ DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
15 USC s.1681 et seq. (FCRA)

LENGTH OF TRIAL via TWO days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE June 8, 2007

FOR OFFICE USE ONLY
AMOUNT 36000  RECEIPT # 540313  IFP _____